COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

HEYWARD JOSEPH TUMLIN

v.    Record No. 1603-97-3

THE GOODYEAR TIRE & RUBBER COMPANY
 AND TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 18, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Heyward J. Tumlin, pro se, on brief).

(Gregory T. Casker; Daniel, Vaughan, Medley &
Smitherman, on brief), for appellees.


Heyward J. Tumlin (claimant) contends that the Workers' Compensation Commission erred in finding that the applicable statute of limitations contained in Code § 65.2-708 barred the commission from considering claimant's April 15, 1997 application alleging a change-in-condition. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On May 18, 1990, claimant sustained a compensable injury by accident. Claimant received temporary total disability benefits, pursuant to an award, from May 19, 1990 through August 12, 1990. In a July 25, 1995 opinion, the commission upheld the deputy commissioner's award of permanent partial disability benefits for a period of 56.25 weeks beginning June 11, 1991 and ending July

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

8, 1992.

On April 15, 1997, claimant filed an application requesting reinstatement of compensation benefits. The commission denied his application, finding it was not timely filed pursuant to Code § 65.2-708.

Code § 65.2-708 clearly and unequivocally provides that an award shall not be reviewed "after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . ." This section required that claimant's application alleging a change in condition be filed within twenty-four months from July 8, 1992, the last day for which compensation was paid. Claimant filed his application on April 15, 1997, more than twenty-four months after July 8, 1992. Accordingly, the commission did not err in finding that claimant's April 15, 1997 application was not timely filed, and, therefore, could not be considered by the commission.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>